**In the Matter of Michael J. SMITH, Respondent.**

**No. 85S00–0401–DI–001.**

Supreme Court of Indiana.

Nov. 14, 2007.

*ORDER REVOKING PROBATION AND IMPOSING SUSPENSION*

On July 24, 2006, the Court suspended Respondent, effective September 11, 2006, for sixty days with automatic reinstatement, followed by twelve months of probation on the following conditions:

(1) that Respondent retain, at his expense, the services of a professional accountant to review his trust account and certify that he is in compliance with Indiana Admission and Discipline Rule 23(29); and

(2) that his accountant submit a monthly certification to the Commission that Respondent is in full compliance with the trust accounting rules.

The order provided that if Respondent failed to comply with the above conditions, he would be subject to suspension for the remainder of the probationary period and required to petition the Court for reinstatement under Admission and Discipline Rule 23(4) and (18).

On July 10, 2007, the Commission filed a motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2), asserting that the Commission had received no statements from any accountant certifying Respondent was properly handling his trust account since Respondent's probationary period began on November 11, 2006.

Respondent filed an answer on September 10, 2007, admitting no certifications had been filed but asserting he was un-

aware of this, believing his accountant was sending the certifications to the Commission.

With leave of the Court, the Commission filed a reply on October 11, 2007, attaching a sworn statement from the accountant Respondent retained showing that Respondent had done almost nothing to ensure the accountant had the information necessary to review and certify Respondent's compliance with the applicable rules.

Respondent has offered nothing to contradict the evidence submitted by the Commission and has not requested a hearing. The Court concludes that the Commission has established by a preponderance of the evidence that Respondent's probation should be revoked. *See* Admis. Disc. R. 23(17.2)

Being duly advised, the Court GRANTS the motion, revokes Respondent's probation, and reinstates Respondent's suspension from the practice of law in this state, effective **December 21, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to serve a copy of this Order upon Respondent and the Executive Secretary by personal service or by certified mail return receipt requested. The Court further directs the Clerk to forward a copy of this Order to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.